**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION**

ROBERT LEONARD SCUDDER, JR.                                                                PLAINTIFF
ADC #148999

V.                                        NO: 4:15CV00031 JM/JWC

TIFFANY EICHLER *et al.*                                                                   DEFENDANTS

### PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.

      Mail your objections to:
      Clerk, United States District Court
      Eastern District of Arkansas
      600 West Capitol Avenue, Suite A149
      Little Rock, AR 72201-3325

### DISPOSITION

Plaintiff Robert Leonard Scudder, Jr. filed a *pro se* complaint, pursuant to 42 U.S.C. § 1983, on January 15, 2015, alleging that he was being denied adequate medical care at the Saline County Detention Facility. On January 27, 2015, Defendants Tiffany Eichler and Southern Health Partners filed a motion to dismiss, along with a brief in support (docket entries #6 & #7). Plaintiff filed a response on February 4, 2015 (docket entry #9).

**I. Standard of review**

FED.R.CIV.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570.

Nevertheless, in *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Supreme Court emphasized that when ruling upon a motion to dismiss in a § 1983 action, a *pro se* complaint must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. However, such liberal pleading standards apply only to a plaintiff's factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989).

**II. Analysis**

Defendants assert that Plaintiff's complaint should be dismissed because he sued them in their official capacity only, and has failed to identify any official custom or policy that was the moving force behind a constitutional violation. As Defendants note, Plaintiff has sued them in their official capacity only (docket entry #2, page #2). [1] Plaintiff's suit against Eichler in her official

---

[1] Although Defendants made it clear that the basis for their motion to dismiss was that Defendant Eichler was sued in her official capacity only, Plaintiff's response makes no attempt to ask the Court to allow him to amend to sue in her individual capacity.

capacity is treated as a suit against her employer. A corporation acting under color of state law cannot be held liable on a theory of *respondeat superior*, but will be held liable only for its own unconstitutional policies. *Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975-976 (8th Cir. 1993); citing *Monell v. Department of Social Services*, 436 U.S. 658, 690 (1978). Despite being made aware of his complaint's deficiencies by Defendants' motion, Plaintiff has identified no unconstitutional policies or customs of Southern Health Partners. Accordingly, Defendants' motion should be granted, and Plaintiff's complaint should be dismissed.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' motion to dismiss (docket entry #6) be GRANTED, and Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE.

2. This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

3. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this 26th day of March, 2015.

                                                                  _____
                                                                  UNITED STATES MAGISTRATE JUDGE